AO 91 (Rev. 11/11) Criminal Complaint

**FILED**
February 11, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____PC_____
DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

United States of America )
v. )
VINCENT C. JEMISON )   Case No.
)
)
)
)
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 14, 2025** in the county of **El Paso** in the **Western** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 641 | Title 18, United States Code (U.S.C.), Section 641 – Theft of Government Property |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

Complaint sworn to telephonically on **February 11, 2026** at **01:54 PM** and signed electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*
George Luis Torres, Special Agent
*Printed name and title*

Date: 02/11/2026

*Judge's signature*

City and state: El Paso, Texas

Anne T. Berton, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent ("SA") George Luis Torres, hereinafter "Affiant," being duly sworn do hereby depose and state:

1. Affiant is a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice and conduct investigations of violations of Federal Criminal Law.
2. I make this affidavit in support of an application for a criminal complaint under Federal Rule of Criminal Procedure Rule 4.
3. The information contained herein is based on the Affiant's own investigation, experience, and background as a Special Agent as well as information supplied by other law enforcement officers. Affiant has not included all facts known concerning this matter, but only facts necessary to set forth probable cause.
4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code (U.S.C.), Section 641 – Theft of Government Property may have been committed by **VINCENT C. JEMISON**.

## PROBABLE CAUSE STATEMENT

1. The FBI received information from the United States Attorney's Office concerning **VINCENT C. JEMISON** and his former employer, the International Boundary and Water Commission (IBWC) regarding **JEMISON** failing to return government issued property.
2. The IBWC is an international entity comprised of a United States section and a Mexico section. The United States section of the IBWC is a federal government agency and headquartered in El Paso, Texas in the Western District of Texas.
3. In November 2024, the IBWC offered **JEMISON** a career-conditional appointment for the position of Engineering Equipment Operator with the United States Section, IBWC, Operations Department, Operations and Maintenance Division, American Dam Facility, El Paso, Texas.[1]
4. The effective date of the career-conditional appointment for **JEMISON** was November 17, 2024, with a report date of November 18, 2024.

---

[1] According to the IBWC, the American Dam was constructed to regulate the quantity of water delivered to Mexico and the United States irrigators from the Rio Grande under the 1906 Convention. The dam diverted the United States' allotment of water to the American canal and released to the river downstream the waters allotted to Mexico. The American Dam Facility was considered critical flood infrastructure.

5. According to IBWC staff, **JEMISON** was issued the following property as part of his employment:
    a. a personal identification verification (PIV) card, also referred to as a common access card (CAC), used to enter IBWC buildings and to log into IBWC computer systems;
    b. a commission card[2] for working on the international boundary with Mexico;
    c. multiple building keys for the American Dam Facility;
    d. an iPhone 14, black in color, with an estimated cost of $550;
    e. 5.11 tactical rush12 2.0 backpack, with an estimated cost of $129;
    f. leatherman with an estimated cost of $199;
    g. clip and carry multitool sheath for leatherman with an estimated cost of $29.99;
    h. seven IBWC uniform shirts with an estimated cost of $203.86;
    i. a heavyweight jacket with an estimated cost of $139.99;
    j. a sweatshirt with an estimated cost of $64.99; and
    k. a baseball cap.
6. According to IBWC staff, **JEMISON** signed an employee uniform condition of employment statement. The statement stated, "Upon termination of employment, or upon request, uniforms are expected to be returned in a reasonable state and in their entirety."
7. On May 14, 2025, **JEMISON** was notified in person of his termination by IBWC staff but refused to sign the termination letter acknowledging receipt**.** During the meeting, **JEMISON** was advised that he needed to return all government property outlined above. **JEMISON** would not return government property unless he received a hand receipt. However, the IBWC did not issue hand receipts. **JEMISON** walked out of the meeting and did not return.
8. IBWC staff also sent an email to **JEMISON** advising him of his termination and government property which had to be returned. According to IBWC staff, **JEMISON** never returned the above listed government issued property upon the termination of his employment with the IBWC.
9. The IBWC attempted to contact **JEMISON** via mail at the address listed on **JEMISON**'s resume, an address on San Antonio Road in San Elizario, Texas, but were unsuccessful. The address corresponded to a United States Post Office.
10. On or about June 4, 2025, IBWC sent **JEMISON** a second letter via FedEx Priority Overnight to an address on Socorro Road in San Elizario, Texas but the delivery attempt was unsuccessful. According to the El Paso Central Appraisal District (EPCAD), **VINCENT C. JEMISON** was the listed owner of the Socorro Road residence. According to EPCAD, **JEMISON** was also listed as the Grantee with a date of June 29, 2021.
11. The IBWC obtained a quote of $1,435 to rekey 15 doors plus the service call at the American Dam Facility.

---

[2] The commission card authorizes United States IBWC personnel to cross the international boundary on treaty business.

12. The IBWC subsequently invalidated **JEMISON**'s commission card, changed PIV card access to door entrances to no access rights, and deactivated the service for the cellular telephone.
13. According to IBWC staff as of January 2026, **JEMISON** had not returned the government property issued to him.
14. Based on the above information and in the Western District of Texas, there is probable cause to believe that **VINCENT JEMISON** committed a violation of Title 18, United States Code, Section 641 – Theft of Government Property.